McGREGOR W. SCOTT
United States Attorney
VINCENTE A. TENNERELLI
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> V. <br><br> JAVIER JIMENEZ ALVAREZ, CRESELDA ANN PEREZ, GUILLERMINA ALVAREZ, AND JENNIFER ALVAREZ, <br><br> Defendants. | CASE NO. 1:18-CR-00247-NONE-SKO <br><br> STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER <br><br> DATE: February 3, 2021 <br> TIME: 1:00 p.m. <br> COURT: Honorable Sheila K. Oberto |

This case is set for a status conference on February 3, 2021. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Order and declarations of emergency addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

"counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order and declarations of judicial emergency excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). Counsel for defendants desire additional time to consult with their clients, review the current charges, conduct investigation, review discovery, and

discuss possible resolutions with the government and their clients. Moreover, Defendant Perez's counsel has informed the parties that his client has encountered significant health problems (not related to COVID-19) and that her condition has not stabilized. If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on February 3, 2021.

2. By this stipulation, defendants now move to continue the status conference until May 19, 2021, and to exclude time between February 3, 2021, and May 19, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes investigative reports, financial records, and surveillance footage and exceeds 33,000 pages. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendants desire additional time to consult with their clients, review the current charges, conduct investigation, review discovery, and discuss possible resolutions with the government and their clients.

   c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of February 3, 2021 to May 19, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| Dated: January 27, 2021 | McGREGOR W. SCOTT<br>United States Attorney |
|---|---|
| | /s/ VINCENTE A. TENNERELLI<br>VINCENTE A. TENNERELLI<br>Assistant United States Attorney |
| Dated: January 28, 2021 | /s/ NICHOLAS F. REYES<br>NICHOLAS F. REYES<br>Counsel for Defendant<br>JAVIER JIMENEZ ALVAREZ |
| Dated: January 28, 2021 | /s/ DAVID A. TORRES<br>DAVID A. TORRES<br>Counsel for Defendant<br>CRESELDA ANN PEREZ |
| Dated: January 28, 2021 | /s/ NICHOLAS F. REYES<br>NICHOLAS F. REYES<br>Counsel for Defendant<br>GUILLERMINA ALVAREZ |
| Dated: January 28, 2021 | /s/ PEGGY SASSO<br>PEGGY SASSO<br>CHARLES LEE<br>Counsel for Defendant<br>JENNIFER ALVAREZ |

**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated:  **January 28, 2021**         /s/ *Sheila K. Oberto*
                    UNITED STATES MAGISTRATE JUDGE